# Hechelman, Appellant, *v.* Geyer.

*Corporations—Officers—Stockholders—Trust · and trustees—Accounts—Profits from sale of treasury stock—Equity jurisdiction.*

1. The directors of a corporation are trustees or quasi trustees of its capital and assets and as such are liable for any breach of duty with regard thereto.

2. A director of a corporation occupies such a fiduciary relation to it that he cannot retain secret profits received in the management of its affairs but must account for such profits, derived from its management, which otherwise would have accrued to the corporation; and the directors of a corporation are under an inherent obligation not to use their position to advantage their individual interests as distinguished from those which they represent in a fidicuary capacity.

Argued Feb. 1, 1915. Appeal, No. 168, Oct. T., 1914, by plaintiff, from decree of C. P. Allegheny Co., April T., 1914, No. 562, in equity, dismissing bill in equity for discovery and an accounting in case of Herman W. Hechelman v. Charles Geyer, Joseph Stybr, Morris Einstein and Pennsylvania Light & Power Company. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Bill in equity to declare a trust and for an accounting. Before MILLER, J., specially presiding.

The opinion of the Supreme Court states the case. See also Provident Trust Co. v. Geyer, 248 Pa. 423.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings and the decree of the court.

*Leonard K. Guiler,* for appellant.

*J. Rogers McCreery,* with him *McKee, Mitchell and Alter,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 8, 1915:

In the consideration of cases of the character of the one here presented, it is important to keep in mind certain settled and fundamental principles. For the purpose of illustrating this thought, the following authorities may be cited. The directors of a corporation are trustees, or quasi trustees, of its capital and assets, and as such are liable for any breach of duty with respect thereto: Cornell v. Seddinger, 237 Pa. 389. A director of a corporation occupies such a fiduciary relation to it that he cannot retain secret profits received in the management of its affairs: Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Douglass-Whisler Brick Co. v. Simpson, 233 Pa. 515. An officer is but an agent of his corporation, and should act for it with unselfish singleness of purpose, and must account for profits derived from its management which otherwise would have accrued to the corporation: Commonwealth Title Ins. & Trust Co. v. Seltzer, 227 Pa. 410. The directors of a corporation are under an inherent obligation not to use their position to advance their individual interests as distinguished from those which they represent in a fiduciary capacity: Porter v. Healy, 244 Pa. 427. It has also been held by very good authority, upon the principle that a trustee cannot purchase at his own sale, that a director will not be permitted to buy in the shares of his corporation from an allottee of them who is unable to perform his contract of purchase, and then immediately resell them at an advance and retain the profit thus made for himself, but that he must surrender the profit to the corporation: 10 Cyc. 796. The appellees as directors were trustees, bound by legal and moral obligations to manage the business of the corporation in the interest of all the stockholders, and when a situation arose by which the shares of stock could be sold at a greatly increased price, they could not issue and appropriate to themselves the unsubscribed-for stock at a price greatly below its selling value under the agree-

ment to purchase, of which selling price the other stockholders had no notice: Strickler v. McElroy, 45 Pa. Superior Ct. 165.

There can be no doubt that the authorities above cited apply with convincing force to the facts of the present case. In the opinion just handed down in the case of Provident Trust Company v. Geyer, 248 Pa. 423, we have discussed at length the merits of the case upon its facts. It will therefore be unnecessary to repeat here what was there said. The two cases grow out of precisely the same state of facts and relate to the same subject matter. The parties are different but the facts are the same. The bill in the first case was filed November 26, 1912, and in the second, January 27, 1914. The second bill was evidently intended to guard against the possibility of the first bill being dismissed because the parties had no standing to maintain it: and in addition the purpose of the present bill was to compel an accounting to the corporation for the profits derived from the sale of the treasury stock. We do not agree that the contract with Callery amounted to a sale of the stock at $65.00 per share. The agreement in terms provided for a purchase at $64.00 per share, and under all the circumstances of the case we feel that the conclusion reached by the learned chancellor in the court below as to the $1.00 per share, was fully justified. Certainly nothing contained in the present record would warrant a reversal upon this ground. In the further consideration of the case all questions relating to the $1.00 per share should be eliminated. As to this item the findings of the court below, which are approved here, must be regarded as a final determination of the rights of the parties in this respect.

We do not understand that any question is raised as to the right of the appellant to seek equitable relief in the present proceeding, and therefore nothing need be said as to his standing to maintain the present bill. There should be no necessity to conduct the further

proceedings in both cases. The same relief is sought in each case and the disposition of one will answer for both. This is intended only as a suggestion to avoid multiplicity of suits and to simplify the procedure so that all parties can be heard at the same time and upon the same record. If for any reason it be necessary to amend the pleadings so as to accomplish this result, such amendment should be asked and allowed. The cases should be consolidated so that the evidence can be offered before the same chancellor and the questions involved be determined upon the same record.

We have discussed at length in the Provident Trust Company case what stockholders are entitled to participate in a distribution of the profits, now in the hands of appellees, and which accrued to them by reason of their selling the unissued treasury stock at $14.00 per share above its par value. We held in that case that the stockholders of record at the time of selling the treasury stock were entitled to an accounting upon the basis of their respective holdings at that date. This sustains the main contention of appellants in the present case and nothing further need be said upon this question. We also agree that the appellees should be decreed to be trustees of the profits accruing to them by reason of the sale of the "treasury stock" in question. Under all the facts disclosed by this record the corporation as a corporate entity is not entitled to these profits, but the stockholders of record at the time of the sale of the treasury stock, are the ones who have the right to participate in the distribution of that fund. No doubt it was the intention of the pleader to have appellees decreed to be trustees for the benefit of the corporation as represented by the stockholders of record when the sale was made, and if the prayers be so understood, there is no difficulty in making a final disposition of the case. The prayer for general relief, taken in connection with the other prayers of the bill, is broad enough to give the relief sought. The purpose of instituting this pro-

ceeding was to compel an accounting by the appellees to the stockholders of record when the sale to Callery was made for their respective shares of the profits.

Each stockholder of record when the sale of the treasury stock was made is entitled to his share of the profits in the hands of appellees, who are deemed to be trustees for the benefit of all stockholders at that time; and in determining the amount due each stockholder, the chancellor must ascertain the entire amount of stock issued and outstanding when Callery purchased and the number of shares then held by each claimant as the basis for computing the proportion of the profits to which each stockholder is entitled.

Decree reversed, bill reinstated and record remitted in order that such decree may be made in conformity with the views expressed in this opinion and in Provident Trust Company v. Geyer, 248 Pa. 423, as may be required when the facts are finally ascertained. Costs below and here to be paid by appellees.