# Anthracite Lumber Co., Appellant, *v*. Lucas.

*Practice, Supreme Court—Equity—Findings of fact—Appeals.*

1. Findings of fact by a chancellor supported by evidence will not be reversed by the Supreme Court in the absence of manifest error.

*Equity practice—Bills for an accounting—Interest on amounts found due defendant—Requests for findings—Answers—Harmless error—Jury trial—Judicial discretion.*

2. Where in a suit in equity for an accounting, it appears that the plaintiff is indebted to the defendant, it is not error to direct the plaintiff to pay interest upon the amount found due.

3. The fact that requests for findings of fact and conclusions of law have been answered in groups by the lower court is not reversible error where it is admitted by counsel for the appellant that the grouping of the answers was not material to the issues involved.

4. Where an equity proceeding has been pending in court for more than two and one-half years, and a decision adverse to the plaintiff was rendered, the court made no error in thereafter refusing to grant a jury trial upon the issues involved and properly decided that after plaintiff had elected to abide by the action of the court and had waited until the issue was determined, it was too late to impose upon both parties the additional delay and cost of a trial by jury.

Argued April 19, 1915. Appeal, No. 155, Jan. T., 1914, by plaintiff, from decree of C. P. Centre Co., Sept. T., 1911, No. 3, in equity, adjudging plaintiff to be indebted to defendant, in case of The Anthracite Lumber Company v. John T. Lucas. Before Brown, C. J., Elkin, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Bill in equity for discovery, for an accounting and to obtain possession of certain lumber. Before Orvis, P. J.

From the record it appeared that plaintiff lumber company operated certain timber land under a lease, that defendant had contracted with plaintiff to cut and prepare certain standing timber and to make the same into mer-

chantable timber, for plaintiff, and that defendant had cut large quantities of timber for which he claimed payment. Plaintiff prayed for a decree directing defendant to render an itemized statement of the timber cut and lumber sawed and for which he had received the proceeds, and to compel defendant to render a statement of the amount of timber and lumber which he had cut and which was still in his possession and to turn the same over to plaintiff. The court on final hearing decreed that plaintiff was indebted to defendant in the sum of $4,252.63 and directed that upon payment thereof within thirty days from the entry of the decree, the sawed lumber in defendant's possession should be turned over to plaintiff. Plaintiff appealed.

Error assigned, among others, was the decree of the court.

William Wilhelm, with him H. C. Quigley, for appellant.

W. D. Zerby, with him S. D. Gettig, and Jno. J. Bower, for appellee.

PER CURIAM, May 17, 1915:

The decree of the court below, adjudging the plaintiff to be indebted to the defendant, followed findings of fact, and, as they are supported by evidence, the assignments complaining of them are dismissed. A finding of the learned chancellor is that, in the matter of payments due to the defendant, the plaintiff had been clearly in default. It was, therefore, properly chargeable with interest. One of the complaints of the appellant is that the court answered requests for findings of fact and conclusions of law in groups. While each request ought to have been separately answered, learned counsel for appellant admit that the grouping of the answers "is immaterial to the issues involved." This being so, the al-

leged irregularity in answering the requests is to be overlooked. Another complaint is that the court refused a jury trial for the determination of certain facts. The request for such a trial was not made until after the court had practically disposed of the case. On November 1, 1913, the plaintiff filed exceptions to the findings of fact and conclusions of law. At the following January term argument was heard upon these exceptions, and some days later—on February 12, 1914,—the petition for a jury trial was filed. It was properly denied by the learned chancellor for the following reason: "Although this matter has been before us for two and a half years, plaintiff took no step and made no request for a jury trial, nor was there any hint of such found in the testimony or in the oral requests of counsel until the filing of this petition. We cannot recall that the matter was discussed in any way. Plaintiff has waited until it has discovered that the findings of the court have been somewhat adverse to it, although we are very much surprised at its position. It elected to abide by the action of the court and waited until the issue was determined. It is clearly now too late, if at any time it was necessary or even desirable to have imposed upon both parties the additional cost and delay of a trial by jury."

Appeal dismissed at appellant's costs.