# Union Ice Co. of Philadelphia v. Hulton, Appellant, et al.

*Corporations—Officers—Claim of president against company—Judgment—Execution—Notice of execution to company—Sale of corporate assets for less than value—Equity—Accounting—Evidence—Burden of proof.*

1. While it is true that a president of a corporation in enforcing his claim against his company, may employ the same methods as are open to other creditors, yet in so doing he must take no unfair advantage of it.

2. Where a president of a corporation secures a judgment for his debt against the company and issues execution and buys in the property of the company for less than its real value, he must account for his profit on such sale, where it appears that he did not give to the directors of the company any notice of the issuing of the execution or of the time or place of the sale, and that they did not know of either.

3. In such case, a mere notice to the directors that the claim would be reduced to judgment and that the property would be eventually sold, is insufficient.

4. The institution of proceedings to secure the judgment, is not notice of all the consequences that might result from such proceedings.

5. Where a bill is filed by a corporation against its president for an accounting of the proceeds of a sale of the property of the company which he had bought in at an inadequate price, the chancellor, in decreeing an accounting, is not required, at such stage of the proceedings, to go into a thorough inquiry as

to the value of the property; he need only be prima facie satisfied that the value was greater than defendant paid; what the actual value was will be determined on the accounting.

6. In such case, when the good faith of defendant in making the purchase was challenged, the burden was on him to show that the price was adequate.

Argued November 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 329, Jan. T., 1927, by defendant, James Hulton, Sr., from decree of C. P. No. 2, Phila. Co., March T., 1926, No. 9059, for an accounting, in case of Union Ice Co. of Philadelphia v. James Hulton, Sr., Wm. L. Sowden, Jr. and C. E. Outterson. Affirmed.

Bill for accounting. Before STERN, P. J.

The opinion of the Supreme Court states the facts.

Decree for accounting entered. Defendant James Hulton, Sr., appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Joseph R. Embery,* for appellant.—When Hulton set in motion the machinery of the law to collect on his promissory notes, after notice to the directors of his intention so to do, he ceased, from that time, to be in a fiduciary relation with the Union Ice Co., so far as the collection of his promissory notes was concerned: Law v. Fuller, 217 Pa. 439.

There was error in directing Hulton to account: Rowley v. Rowley, 289 Pa. 171; Murphy v. Murphy, 263 Pa. 196.

Even prior to the present equity rules, the facts on which the liability of a defendant to account had to be determined by the court, and only administrative matters were referable to a master or referee: Deal v. Coal & Coke Co., 248 Pa. 48.

The court erred in failing to find that the property had no fair market value at the time of the sheriff's sale in excess of the price paid for it by Hulton.

*Ruby R. Vale,* with him *J. Elwood Dukes,* for appellee.—The directors and officers of a corporation occupy a fiduciary relation to both the corporation and stockholders and as such have the duties and obligations of a trustee charged with the highest good faith: Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Com. T. & T. Co. v. Sletzer, 227 Pa. 410; Gilmore v. Drug Co., 279 Pa. 193; Hechelman v. Geyer, 248 Pa. 430; Strickler v. McElroy, 45 Pa. Superior Ct. 165.

A director or officer may not buy corporate property at his own execution sale unless the highest good faith is exercised, full disclosure of his intention made, proper notice given to the corporation, and the consideration for the sale fair and adequate: Strickler v. McElroy, 45 Pa. Superior Ct. 165; Law v. Fuller, 217 Pa. 439; McMullin v. Westinghouse, 259 Pa. 289.

It is the duty of a director or officer of a corporation who purchases property at his own execution sale to give proper notice to the corporation of his intention to issue execution and of the fact of the time and place of the sale.

Hulton's breach of duty as trustee, the irregular manner in which the real estate was sold and the subsequent unlawful sale by him of the personal property, give to the corporation an election of remedies, that is, (a) either to set aside the sale; or, (b) to compel Hulton to account: Klepper v. R. R., 247 Pa. 605; Marine Coal Co. v. R. R., 246 Pa. 478.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1928:

Defendant appeals from the decree of the chancellor directing him to account. He was the president of plaintiff company and made loans to it of $33,000. The loans not being paid, he brought suit against the com-

pany and obtained judgment for the amount due to him and issued execution and sold the property at sheriff's sale, purchasing it for a nominal sum, subject to a mortgage. He did not give the directors of the company any notice of the issuing of the execution or of the time and place of the sheriff's sale and they did not know of either, although he had notified them of his intention to reduce his claim to judgment. Alleging that the fair market value of the property was much in excess of the amount at which he purchased it at the sale, this proceeding was begun to compel defendant to account and the court by its decree requires him to do so.

Appellant takes the position that the chancellor erred in finding that he did not give the directors or stockholders notice of his intention to issue execution and to become the purchaser at the sheriff's sale. The basis of this contention is that the attorney, who represented him and who was also vice-president of the company, told the directors that appellant would have to reduce his notes to judgment and that eventually he would have to sell the property. This was not such notice as the directors were entitled to receive. It was vague and indefinite, only indicating a possible future intention. They were entitled to know when the execution issued and the time and place of sale in order that they might take steps to protect the interests of the stockholders for whom they and defendant were trustees: Gilmore v. Gilmore Drug Co., 279 Pa. 193.

Appellant further contends that he was not required to give notice of the execution and sale, that when he began legal proceedings to reduce his claim to judgment that was notice of all the consequences that might result from such proceedings, including notice that the property of the company would be sold after judgment if it was not paid. While it is true that in enforcing his claim against a corporation a director or officer may employ the same methods as are open to other

creditors (Corpus Juris, Vol. 14A, sec. 1905) yet in so doing he must take no unfair advantage of it. He must be scrupulous to see that some one on the corporation's behalf knows what is being done so that its interest may be safeguarded (Hechelman v. Geyer, 248 Pa. 430; Thompson on Corporations, section 1254, p. 245; Marr v. Marr, 73 N. J. Equity 643); the last citation being a case, closely analogous to the one at bar, where also the president of a corporation bought its property at a sale on his own judgment and in which he gave no notice of the sale and it was held that the complaining stockholder could either treat the defendant as his trustee to the extent that the defendant profited by the sale or set it aside. Law v. Fuller, 217 Pa. 439, cited by appellant in support of his contention that notice by him of the execution and sale was not required, points out that, where an officer or director who is a creditor of the corporation enforces his claim against it and buys its property in at the sale, he is "subject to severe scrutiny and under the obligation of acting in the utmost good faith," and that, while he may buy at the sale, the sale must be a fair one. In the pending case the proofs indicate that the price paid by appellant was not the fair value of the property.

Complaint is made that there is no specific finding by the chancellor of the fair market value of the property at the time of the sale and therefore no determination of its value or that the appellant profited by the sale. At this stage of the proceeding the chancellor was not required to go into a thorough inquiry as to the value of the property. He need only be prima facie satisfied that the value was greater than appellant paid. What the actual value was will be determined on the accounting. If it there appears that defendant profited nothing the proceeding will fail. To the testimony offered by plaintiff to show an excess market value over the sale price no exception was taken. When his good faith in making the purchase was challenged the

appellant had the burden of showing that the price was adequate: Corpus Juris, vol. 14A, sec. 1881, p. 144; Thompson on Corporations, vol. 2, sec. 1252, p. 240; Fletcher on Corporations, vol. 4, p. 3535.

We are satisfied, in view of the fact that no notice was given of the execution or sale and in the light of the prima facie proof that by his purchase appellant will profit at his company's expense, that the court properly decreed an accounting which will proceed in accordance with the equity rules.

The decree is affirmed at appellant's cost.