## Automobile Securities Co., to use, *v.* Wilson, Appellant.

*Appeals—Agreement not to print testimony—Excerpts in brief.*

1. Where the parties to an appeal agree that the testimony need not be printed, no effect can be given to excerpts therefrom, which, though included in the briefs by consent, are not found by the court below, nor admitted by the opposite party to be correct. Under such circumstances, an appellate court can not, from that

which is before it, determine whether or not the statements made in the excerpts are in fact true.

*Equity—Legal plaintiff—Use-plaintiff—Rights of legal plaintiff.*

2. In equity, as at law, the right of the legal plaintiff is ordinarily the only one to be considered in determining the liability of defendant; the use-plaintiff's title is a matter of indifference even though it is traced in the pleadings.

*Bankruptcy—Jurisdiction of bankruptcy court—Accounting in equity.*

3. Ordinarily, in a suit in equity for an accounting, where a question arises as to whether or not the amount recovered, if any, will have to be distributed by the bankruptcy court, neither the trial court, nor the Supreme Court on appeal, will consider this question, since, no matter what they decide, it will have to be determined by the bankruptcy court, if raised therein, on the evidence produced before it, and not on that taken in the state court.

*Corporations—Conversion of assets by officer—Equity—Jurisdiction—Accounting.*

4. Where an officer of a corporation receives assets belonging to it, and converts them to his own use, equity has jurisdiction to compel him to account therefor.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 64, March T., 1928, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1923, No. 2033, for plaintiffs, in case of Automobile Securities Co., to use of the Colonial Trust Co., Pittsburgh, Pa., and the Burgettstown National Bank of Burgettstown v. John S. Wilson. Affirmed.

Bill for accounting. Before REID, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Earl F. Reed,* of *Thorp, Bostwick, Stewart & Reed,* with him *John A. Metz* and *Lee C. Beatty,* for appellant.

—The nearest approach to the facts in this case in Pennsylvania are those of Land Title & Trust Co. v. Connolly, 233 Pa. 1.

The fact that these plaintiffs dealt with each other as corporations is apparently utterly immaterial: Guckert v. Hacke, 159 Pa. 303; Cochran v. Arnold, 58 Pa. 399.

The cases in which courts have refused to disregard the corporate entity are legion: Ambridge Boro. v. Phila. Co., 283 Pa. 5; Callery's App., 272 Pa. 255.

The Bankruptcy Law is paramount: Acme Harvester Co. v. Lumber Co., 222 U. S. 300; Schipper Bros. C. M. Co. v. Coal Co., 277 Pa. 356.

The right to compel an accounting is not assignable: Marsh v. Ry., 204 Pa. 229; Traer v. Clews, 115 U. S. 528.

This bill cannot be sustained against defendant: Beeber v. Wilson, 285 Pa. 312; Penn Bank v. Hopkins, 111 Pa. 328.

*H. Fred Mercer,* for appellee.—As Wilson alone received the money obtained from the sale of the bank's collateral, Wilson alone should account: Porter v. Healy, 244 Pa. 427; Tenth Nat. Bank v. Construction Co., 242 Pa. 269; Glenn v. Brewing Co., 259 Pa. 510; Schaffhauser v. Brewing Co., 218 Pa. 298; Bird Coal & Iron Co. v. Humes, 157 Pa. 278.

The filing of the petition and the appointment of a receiver in bankruptcy does not oust the jurisdiction of equity in this case: Johnson v. Collier, 222 U. S. 538; Stone v. Ins. Co., 278 Pa. 400; Frederick v. Ins. Co., 256 U. S. 395.

The Colonial Trust Company, as assignee, is entitled to sue in the name of the Automobile Securities Company, the assignor: G. A. S. Motor Co. v. Lakoff, 85 Pa. Superior Ct. 3; Hardy Auto Co. v. Possey, 50 Pa. Superior Ct. 399; Blue Star Nav. Co. v. Coal Mining Co., 276 Pa. 352; Am. Mfg. Co. v. Smith Co., 25 Pa. Superior Ct. 176.

OPINION BY MR. JUSTICE SIMPSON, May 7, 1928:

Defendant appeals from a decree requiring him to account, in a suit brought by the Automobile Securities Company to the use of certain banks. By agreement of the litigants, only the findings of fact have been printed for our use, it being stipulated, however, "that both parties may include in their briefs excerpts from the [more than 2,000 pages of] testimony." Each has printed such excerpts, but, since we have no means of knowing whether or not the statements therein are in fact true, they cannot add to or subtract from the findings.

Treating the fact that the suit is brought to the use of the banks as equivalent to an assignment, appellant asks, "Is the right to an accounting assignable?" This question requires no answer. At law, in a suit to use, ordinarily only the right of the legal plaintiff is to be considered on the trial; the use-plaintiff's title is a matter of indifference even though it is traced in the pleadings: M'Kinney v. Mehaffey, 7 W. & S. 276; Guaranty Co. v. Powell, 150 Pa. 16; Howes v. Scott, 224 Pa. 7; Stern Manufacturing Co. v. Smith, 273 Pa. 39. No reason exists why the same rule should not apply in equity, though it is unnecessary to begin a chancery suit in that way; for, if the legal plaintiff's right is its basis, no one else need be named as a party plaintiff, and if the use-plaintiff's right is its basis, he may be named as the only plaintiff, without reference to the use, though the party through whom his right arises may be made an additional plaintiff, or else a defendant. It follows, that if recovery is to be had here, it must be founded on the right of the Securities Company, and hence the averments and findings regarding the supposed rights of the banks, about which so much is said in appellant's brief, are matters of no importance at this time. If the banks ought not to have the fruits of the action, if any there be, those who assert an antagonistic interest can raise

the point in a proceeding to which they are parties; they are not so here.

Another matter strenuously urged by appellant is that, if required to account at all, it is to the temporary receiver in bankruptcy of the Securities Company, appointed by the United States District Court for the Western District of Pennsylvania. In that case, an answer was filed to the petition in bankruptcy, more than four years ago, and since then nothing has been done to obtain an adjudication. It has all the earmarks of a friendly proceeding, which has been abandoned because it failed in its only purpose of embarrassing plaintiffs in their attempt to compel defendant to account; but whether or not this be so, since neither the temporary receiver, nor any creditor, is here objecting, it will not be allowed to defeat the enforcement of defendant's duty to account. He will not be heard to raise the objection himself, for, if he be liable to account at all, to him it must be a matter of legal indifference to whom he does account. He is entitled, of course, to be protected against being required to pay twice, and from this possibility the way of escape is plain. Bankruptcy is purely a matter of federal cognizance. The bankruptcy court has plenary powers in regard to the estates which should be administered by it, subject to review by the higher federal tribunals only; and nothing we could say or do would affect its right and duty to determine, if the matter be properly brought before it, whether or not the amount due by defendant should be administered in bankruptcy. If called upon to act, it would do so from the evidence then produced, and not from that taken in the present proceeding. If it is not so called upon, our answering it now would be a waste of labor; if it is, our conclusion would be of benefit to no one. If the proceedings in bankrutpcy are still pending, or have been decided in favor of the petitioning creditors, defendant, when the time comes for him to pay whatever is found due, can protect himself by making application to the

bankruptcy court to decide whether or not the fund should be distributed by it; all parties in interest will then be notified, and its decree will put the matter in the course of final determination in the only way possible.

We are thus brought directly to the main question involved, viz., Do the findings of fact by the court below justify the decree for an accounting? In answering this, we shall set forth but a few of those which tend to establish defendant's duty to account to the Securities Company. It was chartered for the purpose of manufacturing, buying, selling, leasing and dealing in automobiles, their supplies and accessories. Defendant was a director of the company, and also its secretary and treasurer. Its chief business consisted in purchasing cars and trucks and leasing them to its customers on the bailment lease plan. This resulted in the company being compelled to take back many of the cars, either through agreement or by legal proceedings, always, of course, in a secondhand condition. As a convenience in disposing of these used cars, the Securities Company organized a subsidiary corporation, called the Automobile Storage & Sales Company, and authorized defendant to act for the Securities Company in managing the new company. All the stock of the latter was held in trust by the attorney for the Securities Company. Though the Sales Company was nominally a separate corporation, and between it and those who dealt with it might well be held to be so, it was not so as to the Securities Company, the legal plaintiff here. By an arrangement, negotiated by defendant, the used cars received back from the lessees, and certain new cars belonging to the Securities Company, were ostensibly sent to the Sales Company to be sold, but were in fact received by defendant and the proceeds retained by him for his own use. He was also a director of the Colonial Trust Company, one of the use-plaintiffs, and obtained from it large loans to the Securities Company, on the

obligations of the latter, as he did also from the Burgettstown National Bank, the other use-plaintiff; giving as security for the loans, by each institution, assignments of some of plaintiff's bailment leases. These assignments defendant treated as a nullity, selling and reselling the cars covered thereby, and giving none of the proceeds to the pledgees; thus leaving the Securities Company largely indebted to them. Defendant also purchased, took title in his own name, and still holds a piece of real estate, which he paid for with automobiles belonging to the Securities Company. By these various transactions a large amount appears to be due by defendant to the Securities Company, which has not been paid nor accounted for, and which defendant, recognizing his indebtedness, unsuccessfully attempted to adjust with the Securities Company by the sale of stock of a new corporation which he then organized.

In view of what has been said, it is not necessary to consider the vexed question as to when a subsidiary corporation, through which a defendant purports to act, may be treated as a mere sham, behind which he vainly attempts to shield himself. In the present instance, it is expressly found that defendant,—who was secretary and treasurer of the Securities Company, and who consequently owed to it the utmost fidelity,—had obtained its assets, converted them into money and realty, appropriated that money and realty to his personal use, and refused to account therefor. There can be no doubt that, under such circumstances, equity will force him to account: Tenth National Bank v. Smith Construction Co., 242 Pa. 269; Porter v. Healy, 244 Pa. 427; Hechelman v. Geyer, 248 Pa. 430; Glenn v. Kittanning Brewing Co., 259 Pa. 510.

The final question urged by defendant is that the pleadings do not set forth the particular claim upon which the court below based its decision. This, also, is a mistake. The bill is long and contains many unnecessary averments, but it states that defendant was a

director, secretary and treasurer of the Securities Company; that he received its assets, and converted the proceeds of their sale to his own use; that he borrowed from use-plaintiffs on the credit of the Securities Company, and by his manipulation left the latter heavily indebted to the former; that he purchased realty with its assets and took title thereto in his own name, and that he has refused to account. These things are sufficient to sustain his liability so to do, so far as concerns the Securities Company.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.