## Automobiles Securities Co., to use of Pennsylvania Guaranty Corporation, *v.* Wilson.

PER CURIAM, September 26, 1930:

When this case was here before, we affirmed the decree ordering an accounting: Automobile Securities Co., to use, v. Wilson, 293 Pa. 143. Both the legal and use-

plaintiffs were then, and, so far as the record discloses, are still represented by the same counsel. After an account had been filed, the legal plaintiff and one of its creditors called on counsel of record for plaintiffs and alleged that the interests of the two classes were antagonistic, but no other appearance was entered of record, nor, so far as appears, was notice of this alleged antagonism given to defendant or to defendant's counsel.

Subsequently, plaintiffs' counsel of record effected a settlement with defendant, a decree was fully entered in accordance therewith, the counsel of record received the money specified therein, satisfied the decree of record, and, as it is averred, gave the entire net balance to the use-plaintiff only. The new counsel for the legal plaintiff and for one of its creditors thereupon presented separate petitions, identical in language, alleging the distribution so made was improper and asked for a rule upon defendant and use-plaintiff to show cause why "the final decree......should not be vacated and set aside, and why all moneys paid by [defendant]......should not be paid into court, subject to such order as the court may make in the premises." The court refused to grant the rule, and the petitioners thereupon each prosecuted one of the present appeals, which counsel of record for plaintiffs and counsel for defendant separately ask us to quash.

The settlement is not challenged, but only the distribution made by counsel of record. No attempt is made to hold defendant for any further or greater amount than already paid, and it is not alleged that, so far as defendant is concerned, the payment to counsel of record was not justified. The real attack is upon the action of counsel of record in giving the entire net recovery to the use-plaintiff. There is no allegation of wrongdoing by the latter, or even of knowledge on its part that petitioners claimed to have an interest in the fund, except as may be inferred from the statement in the petition that use-plaintiff, "without any right or authority, has

fraudulently and unlawfully obtained the entire amount paid in the settlement of this case." These "vituperative epithets," without any facts averred to support them, are entitled to no weight whatever: Wolf v. P. R. R. Co., 195 Pa. 91, 97; McCloskey v. Snowden, 212 Pa. 249, 254. Indeed, even this averment of fraud seems now to have been abandoned, for the entire basis of appellants' argument is: (1) "A lawyer should not be permitted to represent two clients whose interests are adverse and give away the interests of the plaintiff to the use-plaintiff without the plaintiff's consent"; and (2) "Lawyers must keep faith with each other."

From what has been said it is evident that appellants have misconceived their remedy. Since they seek no relief against defendant the decree as to him, and his payment under it, should not be disturbed. A bill in equity, either in a separate proceeding or ancillary to the present bill, in which only those against whom a decree is sought, are made defendants, will give all the relief to which appellants are entitled. If there are any clauses in the decree in this case, relating to the distribution of the money to be paid under it, which were "fraudulently and unlawfully" inserted, they will not stand in the way of appropriate relief under the new bill (Rubinsky v. Kosh, 296 Pa. 285), or, if need be, that part of the decree may be amended.

Appeals quashed, without prejudice.