Schwab, Appellant, *v.* Miller et ux.

Argued January 6, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*C. Brewster Rhoads,* with him *Laurence H. Eldredge* and *Montgomery & McCracken,* for appellant.—It is well settled in Pennsylvania that, where the rights of parties in interest are to be determined in an equity proceeding, they must be made parties to the bill, either as plaintiffs or defendants: Findley v. Warren, 244 Pa. 64; Hartley v. Langkamp, 243 Pa. 550, 555.

*Edward Davis,* of *Hirschwald, Goff & Davis,* for appellee, cited: Frey v. Dougherty, 286 Pa. 45; Bishop v. Plantation Co., 276 Pa. 101; Hartley v. Langkamp, 243 Pa. 550; Findley v. Warren, 244 Pa. 64.

OPINION BY MR. JUSTICE SIMPSON, January 26, 1931:

This is a bill in equity for discovery and an accounting, based on a written agreement between plaintiff and defendants, the latter being husband and wife, together contracting therein under the name of "Miller," all their duties to be performed and all their rights acquired jointly in that name. Under Equity Rule 48, defendants preliminarily objected to the bill, alleging that plaintiff had an adequate remedy at law, and that the wife was improperly joined as a party defendant. The court below sustained the latter of these objections, and added that "plaintiff is required to amend the bill of complaint within fifteen days, under penalty of dismissal of the bill." Plaintiff appealed. The order must be reversed.

The basic contract states that the parties agree to construct a garage upon a property owned by defendants, at a cost not exceeding $18,000, plaintiff to advance $10,000 thereof and defendants $8,000 (by securing credits for materials in a sum not exceeding $5,000 and the balance in cash); it also provided that the property should be sold after its completion, plaintiff receiving $62\frac{1}{2}$ per cent of the net profits and defendants, jointly, $37\frac{1}{2}$ per cent thereof. The bill charges that the garage was built at a total cost of $14,985, of which plaintiff paid $12,228.10, but defendants nothing, though claiming

to have made a number of payments. When it was sold, a large part of the purchase price had to be paid to mechanics and materialmen for work done and materials furnished in the construction of the garage, and, after paying plaintiff and defendants the amounts they alleged they were entitled to recover under the terms of the agreement, the net balance was divided between them in the way therein provided. The bill further sets forth that by collusive arrangements between Lewis L. Miller, one of defendants, and the contractor who was erecting the garage, defendants claimed and were given credit for six several sums of money to which they were not entitled, whereby they jointly received more than they should and plaintiff received less than his just share. The bill prayed discovery, an accounting with respect to the six sums of money, and "for any other moneys which may be found to be due and owing to the plaintiff upon the trial of this case."

It is evident from the foregoing that the wife was not only a proper, but a necessary party to the proceeding. Under the averments of the bill, defendants jointly received excessive allowances; for this reason the account must be restated, the net profits which plaintiff and the defendants are justly entitled to receive must be determined, and the excess received by either must be decreed to be refunded to the other. Even if the wife had no part in the fraud, by virtue of which the six excessive allowances were made to her and her husband jointly, she cannot retain the additional sum the two received because of that fraud. By reason of this, she is directly interested in the outcome of the suit, and hence, as stated, is an indispensable party to it. The conclusion would be the same even if it appeared that the wife was entitled to receive more than she did, for, in an action of account, a defendant may be decreed a balance found to be due, even though no cross bill was filed (1 C. J. 639; Anthracite Lumber Co. v. Lucas, 249 Pa. 517; 10 R. C. L. 484); and, under like circumstances, the de-

510

cree may settle an account as between the codefendants: 1 C. J. 640. The basis for this conclusion is that where a court of equity has taken jurisdiction of a case, it "will proceed to round out the whole circle of controversy between the parties, by deciding every contention connected with the subject-matter of the suit" (Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11; Miller v. Central Trust & Savings Co., 285 Pa. 472) ; and, prior to final decree in an accounting, will take into consideration only the scope of the account required, but not its details or whether anything is in fact due to the complainant: Davidson v. Davidson, 262 Pa. 520.

Nor is there any real doubt but that the bill will lie. By the Act of February 14, 1857, P. L. 39, enlarging section 39 of the Act of June 13, 1840, P. L. 666, 671 (the second page so numbered), the courts of common pleas are expressly given equitable jurisdiction in matters of account. This is not affected by article I, section 6 of the state Constitution, which provides that "trial by jury shall be as heretofore and the right thereof remain inviolate." If the jurisdiction of courts of equity in matters of accounting was held to have been taken away by that provision, and such actions were required to be brought in courts of law, then "trial by jury" would be extended beyond the realm of the "heretofore," and this the Constitution does not require.

The order of the court below is reversed, the preliminary objections to the bill in equity are dismissed, and the record is remitted that further proceedings may be had in accordance with equity practice.