Union of Russian Societies of St. Michael & St. George, Inc., *v.* Koss, Appellant, et al.

Argued January 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ. ·

reargument refused April 10, 1944.

*Louis F. McCabe,* for appellant.

*Samuel P. Lavine,* for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

For the purposes of this appeal it was agreed that for some time prior to April, 1935, Appellant John Koss was Treasurer, Theodore Duda was President, and Stefan Petrikovicz, also known as Stephan A. Patrick, was Financial Secretary of the Union of Russian Societies of St. Michael & St. George, Incorporated. The society has as one of its functions the making of small loans, not exceeding $300.00, to its members, upon application. Patrick was also President and one of the stockholders of the Philadelphia Iron Works, Incorporated.

In March, 1935, the Philadelphia Iron Works, Incorporated, required a loan of $1,000.00, and Koss, Duda and Patrick as officers of the Society, transferred the sum of $1,000.00 from its savings account to its check-

ing account, and as officers of the Society drew a check in the sum of $1,000.00 on the Society's account to the order of the Philadelphia Iron Works, Incorporated. This action was not authorized by the Society. The Philadelphia Iron Works, Incorporated, received the proceeds of the check. At the time of the delivery of the $1,000.00, a series of twenty-two consecutively numbered checks, each in the sum of $50.00, payable each successive week thereafter, was drawn by the Philadelphia Iron Works, Incorporated, and delivered to John Koss. The money was paid to Koss as Treasurer of the Society and for its account. During the year of 1935 and the month of January, 1936, eight additional loans were similarly made to the Philadelphia Iron Works, Incorporated, which, together with the first, totaled $5,850.00. In each instance, when the Philadelphia Iron Works, Incorporated, received the Society's check, it delivered to Koss a series of post-dated consecutively numbered checks in an amount sufficient to repay that loan. No report of the loans was made to the Society, and it was in contravention of the constitution and by-laws of the Society. The Philadelphia Iron Works paid the checks and John Koss retained the proceeds of all the checks drawn to his order. The Society received none of this money. The money was paid by the Philadelphia Iron Works, Incorporated, to Koss as Treasurer of the Society.

A bill in equity was filed May 28, 1941, against Koss (also his wife and son), Patrick, Duda, and the Philadelphia Iron Works, Incorporated. When it subsequently developed that the Philadelphia Iron Works, Incorporated, repaid all of the money it received from the Society to Koss, the Society amended the bill in equity, releasing the Philadelphia Iron Works, Incorporated. The amendment was finally made at trial by agreement. The Society also agreed with the Philadelphia Iron Works, Incorporated, to accept from it the sum of $3,800.00 in settlement of its liability, and on

December 22, 1941, when the payment was made, gave the Philadelphia Iron Works, Incorporated, a general release, acquitting it and the defendant Patrick of all liability in the premises.

The court found that Koss was bound to account to the Society in the sum of $6,321.80, and that any sum in excess of that due it should be held by the Society for the benefit of Stephan A. Patrick and Theodore Duda.

The statement of the case, under Supreme Court Rule 56, does not say in what respect the bill in equity was amended. It was apparent to the trial judge that as of December 22, 1941, the Philadelphia Iron Works, Incorporated, Patrick, Koss, and Duda had made restitution to the Society of the funds wrongfully taken. This money having been paid by the Philadelphia Iron Works, Incorporated, to Koss as Treasurer of the Society, Koss, after receiving the repayment of the funds, then converted the funds of the Society to his own use. His tortious act was entirely independent of the wrongful acts committed by the Philadelphia Iron Works, Patrick, Koss and Duda in paying out the money. The money so paid out had already been returned to Koss, the treasurer of the company, and it was after its return that he converted it to his own use.

We are in full accord with the principles of *Thompson v. Fox*, 326 Pa. 209, 212, 192 A. 107. "For the same injury, however, an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents further proceeding against them: *Peterson v. Wiggins*, 230 Pa. 631; *Smith v. Roydhouse, Arey & Co.*, 244 Pa. 474; *Mason v. Lavine*, 302 Pa. 472. This is true even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released: *Seither v. Philadelphia Traction Company*, 125 Pa. 397; *Williams v.*

*LeBar,* 141 Pa. 149. Nor is it material whether the tort-feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end." And we conceive in this case that the trial judge so concluded, for he dismissed the bill as to Julia Koss, Theodore Duda, Philadelphia Iron Works, Inc., and Stefan Petrikovicz, also known as Stephan A. Patrick, and held "John Koss is hereby declared a trustee ex maleficio for the use and benefit of the plaintiff in the sum of $6,321.80."

Where an officer or director of a corporation has obtained assets rightfully belonging to the company and has appropriated those assets to his own use and refuses to account therefor, equity will force him to account: *The Tenth National Bank of Philadelphia v. The Smith Construction Company,* 242 Pa. 269, 89 A. 76; *Porter v. Healy,* 244 Pa. 427, 91 A. 428; *Hechelman v. Geyer,* 248 Pa. 430, 94 A. 188; *Glenn v. Kittanning Brewing Co. et al.,* 259 Pa. 510, 103 A. 340; *Automobile Securities Co., to use, v. Wilson,* 293 Pa. 143, 149, 141 A. 849.

At the time of the filing of the amendment to the bill in equity, there was no longer any financial liability of the parties who were afterwards released by the decree of the court, to the Society, for the Society had been fully compensated for its loss. The only wrong to the Society on which liability still existed was that of Koss, the treasurer, in converting the assets of the Society to his own use. A release given to one not shown to be liable does not release a tort-feasor: *Rosenfeld et ux. v. Stauffer,* 121 Pa. Superior Ct. 103, 109, 182 A. 714; *McClure v. Pennsylvania R. R. Co.,* 53 Pa. Superior Ct. 638, 647; *Turner v. Robbins et al.,* 276 Pa. 319, 325, 326, 120 A. 274, 276, 277; *Thomas v. Central R. R. Co. of New Jersey,* 194 Pa. 511, 515, 516, 45 A. 344.

The court required "John Koss to account to the plaintiff society for the sum of $6,321.80 received by him from the Philadelphia Iron Works, Inc. with interest thereon at the rate of six per cent from the time the moneys were received by him." The appellant contends that the lower court had no right to award a greater sum than would make the society whole, to wit, $2,321.80. In its amended decree the court provides: "That any sum paid by the defendant John Koss to the plaintiff society in excess of $2,321.80, in accordance with this decree, shall be held in trust by the plaintiff society for the benefit of Stephan A. Patrick and Theodore Duda as their interests may appear in accordance with the conclusions of law herein." We believe this order was proper. In an action of account, a defendant may be decreed a balance found to be due, even though no cross bill was filed (1 C. J. 639; *Anthracite Lumber Co. v. Lucas*, 249 Pa. 517, 95 A. 80; 10 R. C. L. 484); and, under like circumstances, the decree may settle an account as between the codefendants: (1 C. J. 640). The basis for this conclusion is that where a court of equity has taken jurisdiction of a case, it will proceed to round out the whole circle of controversy, between the parties, by deciding every contention connected with the subject-matter of the suit. (*Gray v. Philadelphia & Reading Coal & Iron Co. et al.*, 286 Pa. 11, 132 A. 820; *Miller v. Central Trust & Savings Co. et al.*, 285 Pa. 472, 132 A. 579; *Schwab v. Miller et ux.*, 302 Pa. 507, 509, 153 A. 731; *Fleming et al. v. Adamson et al.*, 321 Pa. 28, 32, 182 A. 518; *Bowman v. Gum, Inc., et al.*, 327 Pa. 403, 412, 193 A. 271.)

The record indicates that under the decree of the Court as it now stands, equity and justice will be worked out completely among all parties.

Judgment affirmed.