## Girard Trust Corn Exchange Bank *v.* Reliable Motors, Inc., Appellant.

Argued March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Leon S. Forman,* with him *Albert L. Bricklin* and *Bennett & Bricklin,* for original defendant, appellant.

*W. Horace Hepburn, Jr.,* with him *W. Horace Hepburn, 3rd,* for plaintiff, appellee.

*Richard B. Malis,* with him *Malis, Malis & Malis,* for additional defendant.

OPINION BY GUNTHER, J., July 13, 1954:

This is an action in trespass for damages for the removal of light fixtures from the plaintiff's premises.

The original defendant, Reliable Motors, Inc., was the sublessee of the premises from the additional defendant, Goodman. Reliable admittedly removed the fixtures, but averred that liability, if any, attached to Goodman who had allegedly executed a bill of sale for the fixtures to Reliable. The trial judge, sitting without a jury, rendered a verdict for the plaintiff against both the original and additional defendants in the sum of $990. Exceptions were dismissed by the court en banc, and the original defendant has appealed.

Appellant argues that, after the trial, it learned for the first time that new light fixtures had been installed in the premises, before trial, by Goodman. Reliable therefore raised the issue of satisfaction and so argued before the court en banc.. The plaintiff has admitted the new installations and that their cost exceeded the verdict in this case, but contends that the new fixtures were not intended by Goodman nor accepted by plaintiff as satisfaction. The court below rejected Reliable's motion for a new trial on the ground that appellant and Goodman were not joint tort-feasors and that Goodman may have had motives other than satisfaction in installing the new lights.

It is clear that the facts averred by appellant, many of which are admitted, raise an issue as to whether plaintiff's judgment has been satisfied. " '. . . an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents further proceeding against them. . . . Nor is it material whether the tort-feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy

only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end.'" *Union of Russian Societies v. Koss,* 348 Pa. 574, 577, 36 A. 2d 433; *Thompson v. Fox,* 326 Pa. 209, 192 A. 107; *Koller v. Pennsylvania R. R. Co.,* 351 Pa. 60, 40 A. 2d 89. Since Goodman was liable for this judgment as well as appellant, his installation of new lights may well be proved to have worked a full satisfaction. The fact that no release was given is not determinative. That these matters were bona fide after-discovered evidence has not been challenged; they raise issues of fact going to the defense of satisfaction and a new trial should have been awarded.

Judgment reversed and a new trial awarded.