## Brenneis et al. v. Marley

*Eckels, Stegner & Blystone,* for petitioner.

*Gerald D. Prather,* for respondent.

MOOK, P. J., August 26, 1955.—On October 28, 1947, a little girl by the name of Patricia Mae Brenneis was fatally injured on the school grounds of the Saegertown District School when a heavy slide tipped over and fell upon her leg resulting in injuries which subsequently caused her death. The slide had been firmly embedded in the ground of the school playground but the night before the injury a group of boys in the community, engaging in a Halloween prank, uprooted the slide from the ground with the intention of placing it upon the front porch of the

principal of the school. They were apprehended in the act by one of the school directors and ordered to take it back to the school ground, which they did, but they leaned it against a tree in the vicinity of the place where it had been standing and the next morning the children playing with it tipped it over on the Brenneis child.

Nearly two years later, on August 17, 1949, plaintiff brought an action in trespass against John I. Cribbs, Philip G. Marley, Edward Baker, Charles Baker, Richard C. Baldwin, Harold W. Beerbower, Ronald E. Stallard, Gerald Bloom, David Marvin, George Rohleder, William Reeslinger, Roy Sherman, Robert Barber, Richard Eldred, William Eldred, Ralph Thomas, Robert Thomas and Thomas Smith, wherein it was alleged that these defendants, all of whom were minors, were the persons involved in removing the slide from the playground which subseqently caused injuries to plaintiff's minor child resulting in her death. Appearances were entered by Thomas & Thomas for defendants Bloom and Marley, Stuart A. Culbertson for defendants Baldwin and Reeslinger, Raymond P. Shafer for defendants Smith and Sherman, and William A. Peiffer for defendant Cribbs, but no appearance was entered nor any answer filed by remaining defendants.

When the case was called for trial, defendant Roy Sherman, by his attorney, asked for a continuance for the reason that Sherman was a member of the armed forces and stationed overseas. A similar motion was made for defendant Philip G. Marley, by his attorneys, Thomas & Thomas, for the reason that Mr. Marley was in the United States Armed Forces stationed at Camp Carson, Colorado, and unable to attend. Plaintiff, therefore, made a motion for severance of the action insofar as Sherman and Marley were concerned and asked leave to proceed against the rest of the de-

fendants. It was pointed out to the court that unless the case was tried when called it might be years before plaintiff would be able to bring all of these defendants into court as they were all minors and, since we were at war with Korea at the time, a considerable number of the remaining defendants were likely to be entering the service within the next year. It seemed to us it was unfair to prejudice plaintiff with further delay and, accordingly, we granted the severance motion and the case proceeded against remaining defendants.

At the end of plaintiff's testimony, compulsory non-suits were entered in favor of William Reeslinger, Richard C. Baldwin and John I. Cribbs, but the case was submitted to the jury against defendants Gerald Bloom and Thomas Smith, and the jury was directed to find a verdict against remaining defendants and fix the damages for plaintiff inasmuch as no appearance had been entered for them nor an answer filed. The jury returned a verdict in favor of plaintiff against all of the defendants except Thomas Smith and awarded plaintiff damages in the sum of $1,800.

The only one of the defendants who was financially responsible was Gerald Bloom whose insurance carrier paid the verdict. Philip G. Marley was also covered by liability insurance so, at the present time, Bloom's insurance company is seeking ways and means of compelling Marley's insurance company to contribute its proportionate share of the verdict which has already been paid by Bloom.

In order to do this defendant Gerald Bloom has filed a petition wherein he alleged the foregoing facts and "that the said Philip G. Marley was responsible for the said accident and is a joint tortfeasor with your petitioner, and petitioner is entitled to contribution from him for the money paid in discharge of said judgment." Bloom, therefore, prayed that "he may be joined as a party plaintiff in the above entitled action

for the purpose of proceeding against the said Philip G. Marley and the purpose of establishing the liability of the said Philip G. Marley in order that the petitioner may obtain contribution." The petition further alleged that the said Philip G. Marley was either still in the armed services or has just been recently discharged.

Marley filed an answer to this petition wherein he admitted that the judgment had been entered against Gerald Bloom but he denies that Bloom paid the judgment but, on the contrary, avers that the judgment was paid by his insurance carrier, the American Associated Insurance Company, and that Bloom has no right or standing in this case to intervene as he has no interest therein. He further denies that he was responsible for the accident and that Bloom is entitled to contribution from him. In further answer to the petition he alleges that plaintiff was fully paid and satisfied by the verdict and judgment and cannot recover more or additional damages from this or any other defendant and that the case should be settled and discontinued of record. He, therefore, alleges that Gerald Bloom, being a party defendant to the action, cannot be permitted to intervene as a party plaintiff and further that he has unduly delayed making his application for intervention and he, therefore, asks that the petition to intervene and the rule granted thereon be dismissed.

At common law there was no right of contribution between joint tortfeasors. Such was the law in this Commonwealth. See Turton v. Powelton Electric Co., 185 Pa. 406, 408; Oakdale Borough v. Gamble, 201 Pa. 289. That rule was changed, however, by the case of Goldman v. Mitchell-Fletcher Co., 292 Pa. 354. The effect of this decision was to limit its application to cases where there has been an intentional violation of the law, or where the wrongdoer knows or is presumed

to know that the act was unlawful, and contribution among joint tortfeasors has since then been allowed, except in circumstances where it would be inequitable. In the case of Fisher v. Diehl, 156 Pa. Superior Ct. 476, 482, the court said:

"This action of the Supreme Court was, in effect, confirmed by the Legislature by the Act of June 24, 1939, P. L. 1075, (12 PS §2081), which provides: 'Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them such liabilities are either all primary or all secondary.' "

While it appears to us that the Superior Court is absolutely correct in saying that the decision in Goldman v. Mitchell-Fletcher Co., supra, was confirmed by the legislature, it also seems to us that the legislature went beyond the scope of the decision as no distinction is made in the statute between willful torts and torts arising from negligence. We are of the opinion, therefore, that both under the Act of 1939 and the Uniform Contribution Among Tortfeasors Act of 1951, which repealed the 1939 Act, the right of contribution exists among joint tortfeasor whether the tort was willful or negligent: Act of July 19, 1951, P. L. 1130, 12 PS §2082 et seq. Since the Uniform Contribution Among Tortfeasors Act became effective July 19, 1951, it was, therefore, in effect at the time the verdict was rendered in this case which was October 9, 1951. Under the provisions of section 1 of this act "The term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them".

Section 2 provides: "(1) The right of contribution exists among joint tortfeasors; (2) a joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liabil-

ity or has paid more than his prorata share thereof."

Section 3 provides: "The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors."

It, therefore, seems clear, under the provisions of the foregoing statute, that Bloom, having paid the judgment entered against him in the above entitled case, has the right to contribution from the other tortfeasors whose negligence caused the injuries to plaintiff.

We are of the opinion that it does not make any difference that the judgment was actually paid by Bloom's insurance carrier rather than by Bloom himself.

Rule 2002 of the Rules of Civil Procedure provides:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest,

(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest."

Subrogation arises in favor of an insurer when it compensates the insured: Goodrich Amram Civil Practice, vol. 2, page 29. With the amendment of October 29, 1941, adding subdivision (d) to rule 2002, an insurer, whether it be subrogated in whole or in part, may bring suit in the name of the insured alone as under prior practice. In such a case, there is nothing in the caption or in plaintiff's pleading to indicate that plaintiff, the insured, was indemnified and defendant cannot raise the objection that there is an insurer who is the real party in interest and who should be joined: Idem, page 32.

Now, having concluded that Gerald Bloom, or his insurance company as subrogee, having paid the judgment entered against him in favor of plaintiff is entitled to contribution from the other joint tortfeasors, the next question arises, how can his right to contri-

bution be enforced? If judgment had been secured against Bloom and Marley both, then the answer would be simple, as Bloom would merely be required to bring an action in assumpsit to recover. See Gayman v. Beltzhoover, 77 D. & C. 1, Eplett v. Russell, 65 Montg. 277. In these decisions it was pointed out:

"Where contribution is allowed among joint tortfeasors after judgment recovered against them, the allowance is based not on the tort but arises by reason of an implied engagement of each to contribute on an equitable basis a sum sufficient to satisfy the judgment and bear the common burden as reason and natural justice dictate."

But here the judgment has only been entered against one of the defendants who has paid the judgment and he now seeks to recover contribution from another defendant against whom no judgment is entered. The liability of defendant Marley for the tort has not been adjudicated. Accordingly, no right of action exists in favor of Bloom against Marley in assumpsit; on the other hand, the action must still lie in tort. However, Bloom has no right of action against Marley in tort and the original plaintiff is not interested in proceeding any further with the action since he has already secured judgment and can have but one satisfaction. It follows, that unless Bloom is permitted to have the judgment for original plaintiff marked to his use and permitted to intervene as a party plaintiff, that he can never enforce the right of contribution against Marley. It, therefore, seems to us that it is proper for the court to allow him to be joined as a plaintiff in the action and proceed against remaining defendant or defendants against whom no judgment has ever been entered.

Defendant Marley, however, avers in his answer that Bloom cannot be permitted to intervene in the action as a party plaintiff because he is already a party

defendant. In support of this argument he cites the Rules of Civil Procedure adopted by the Supreme Court of this Commonwealth governing intervention. Rule 2327 provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, etc."

Accordingly, Mr. Marley argues since Bloom is a party to the action he cannot intervene.

We agree with defendant in this respect but while plaintiff has entitled his petition a petition to intervene, the prayer of this petition does not ask merely for intervention but rather that he be joined as a party plaintiff in this action in order to proceed against Philip G. Marley, so actually Mr. Bloom is not asking for leave to intervene; he does not need to do that because he is already a party to the action. What he is asking for is permission to change his status in the action from a defendant to plaintiff and now to be joined as a party plaintiff in order to proceed against defendant Marley.

Permissive joinder is covered by rule 2229 of the Rules of Civil Procedure which provides:

"(a) Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action."

While we have been unable to find any decisions directly to the point, we are unable to see why a liberal application of this rule would not permit the joinder of original defendant Bloom as a party plaintiff for the purpose of enforcing his right of contribution against Marley. This rule was based upon the Permissive Joinder of Plaintiffs Act of 1937, P. L. 2072,

12 PS §159.1, which act has now been suspended by rule 2229. However, under the 1937 Act it was held that a person not named as defendant in an action of trespass to recover damages arising from an automobile accident and claiming not to be connected in any way with the operation of the car causing the damage complained of and who was a passenger therein may intervene as a party defendant merely for the purpose of pleading a counter-claim against plaintiff for damages alleged to have been sustained by such passenger: Edward v. Wilson, 3 Monroe 105. The text in Goodrich Amram, Civil Practice, vol. 2, rule 2229, page 38, states:

"The permissive joinder authorized by Rule 2229 (a) is subject to two limitations. Persons asserting rights to relief jointly, severally, separately, or in the alternative can only join as plaintiffs if their claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and there is a 'common question of law or fact affecting the rights to relief of all such persons.' Both of these conditions must be satisfied. The word 'transaction' carries the idea of voluntary dealings between parties, such as the execution of a contract or the giving of a deed. 'Occurrence' is much broader and includes acts of negligence. The two together cover all manner of dealings, contracts and happenings without regard to whether the cause of action sounds in tort or contract."

If, therefore, a person completely outside of the original action is permitted to join to enforce his claim, why is it not possible for a defendant, who has paid the judgment, to be joined as a party plaintiff for the purpose of enforcing his right of contribution? The action arises out of the same occurrence and only common questions of law and fact will arise affecting the rights to relief of all persons involved therein. See also 39 Am. Jur. 968.

Finally, defendant Marley contends that the action in effect is now terminated, that it is a closed book; plaintiff has been paid and that the action ought to be marked settled and discontinued of record. In support of his contention, he cites the case of Girard Trust Corn Exchange Bank v. Reliable Motors, Inc., 176 Pa. Superior Ct. 300, which holds that an injured party can have but one satisfaction and acceptance of such satisfaction either as compensation for the damage done or as payment of a judgment recovered from a person liable for the injury, necessarily works a release for all others liable for the same injury and prevents further proceedings against them.

Of course, we agree that the decision in that case is sound, but it has no application to the facts of this case. In that case plaintiff brought an action of trespass for damages for the removal of light fixtures from its premises. Original defendant, Reliable Motors, was the sublessee of the premises from additional defendant, Goodman. Reliable removed the fixtures but averred that the liability, if any, attached to Goodman who had allegedly executed a bill of sale to Reliable. The trial judge, sitting without a jury, rendered a verdict for plaintiff against both defendants in the sum of $990. After the trial it was learned for the first time that new light fixtures had been installed on the premises by Goodman before the trial. Reliable, therefore, claimed that plaintiff had satisfaction of its claim and that it was, therefore, not entitled to the verdict. Plaintiff admitted the new installations were made and that their cost exceeded the verdict but contended that the new fixtures were not intended by Goodman as satisfaction. A new trial was refused by the lower court but on appeal to the Superior Court the judgment was reversed and a new trial was ordered. The court said:

"It is clear that the facts averred by appellant,

many of which are admitted, raise an issue as to whether plaintiff's judgment has been satisfied ' ". . . an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents further proceeding against them. . . . Nor is it material whether the tort-feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end." ' Union of Russian Societies v. Koss, 348 Pa. 574, 577, 36 A. 2d 433; Thompson v. Fox, 326 Pa. 209, 192 A. 107; Koller v. Pennsylvania R. R. Co., 351 Pa. 60, 40 A. 2d 89."

It is thus apparent that all this case holds is that plaintiff can have but one satisfaction. The fixtures alleged to have been converted had already been replaced by one of the defendants and if this were true, then it would follow that plaintiff could not receive a money judgment to pay for the same fixtures. The case does not decide that one tortfeasor is not entitled to contribution from another, nor does it hold that a release given by the injured party to one joint tortfeasor discharges the others. In fact, the Act of 1951, supra, specifically provides in sections 4 and 5, that a release of one does not discharge the others, or discharge him from liability to make contribution except upon certain conditions which are not present in this case.

Here original plaintiff is not seeking further satisfaction as in the Girard Trust case; on the contrary, defendant who has paid the judgment is only seeking

contribution, which cannot exceed one half of the original judgment.

For the reasons above set forth, we think he is entitled to this relief.

Accordingly, we enter the following

*Order*

And now, August 26, 1955, the rule to show cause why defendant Gerald Bloom should not be joined as a plaintiff in the above entitled case is made absolute and he is so joined for the sole purpose of proceeding with the action against defendant Philip G. Marley to determine if the said Gerald Bloom is entitled to the right of contribution against defendant Philip G. Marley by reason of the judgment heretofore entered against Gerald Bloom in favor of original plaintiffs in the case.