Cooper *v.* Philadelphia (et al., Appellants).

206

Argued March 23, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Glenn A. Troutman,* with him *McWilliams, Wagoner & Troutman,* for additional defendants, appellants.

*Vincent C. Veldorale,* Assistant City Solicitor, with him *Jerome J. Shestack,* First Deputy City Solicitor, and *Abraham L. Freedman,* City Solicitor, for defendant, appellant.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for additional defendant, appellee.

*E. Seave,* with him *Irvin J. Good,* and *Seave & Good,* for plaintiff, appellee.

OPINION BY HIRT, J., July 21, 1955:

This action was brought by plaintiff to recover for injuries caused by a defect in the curb on Wood Street at a point west of its intersection with 12th Street in Philadelphia. A hole in the curb caused her to trip and fall when she stepped into it. The city, originally sued, brought in Leon and Esther Goldberg, the abutting property owners, and also William Carroll, a tenant, as additional defendants. At the close of the proofs the court properly directed a verdict in favor of William Carroll. He was in possession under lease of only the first floor of the building. Living apartments on the second floor were leased to other tenants. Where premises as here, are let to several tenants, each occupying different portions, the owners of the property in law are regarded as in possession of the whole and accordingly are primarily liable for defects in the sidewalk in front of their property. *Bruder v. Philadelphia et al.*, 302 Pa. 378, 153 A. 725; *Baxter et al. v. Homestead Boro. et al.*, 120 Pa. Superior Ct. 182, 182 A. 68. The jury found for the plaintiff against the city in the sum of $1,500 with a verdict over against Leon and Esther Goldberg, the owners of the premises. The court in banc properly refused to enter judgment in their favor n.o.v. but in the view of the majority of us, on this record a new trial must be granted.

The plaintiff was employed in the neighborhood and shortly after noon, during her lunch hour on March 6, 1952, she was proceeding on the west side of 12th Street toward Wood Street. She was walking on the sidewalk along the west curb line with a young lady companion on her right. The defect in the curb had existed for more than a year and both the city and the defendant owners had actual notice of it. The size of the defect, as disclosed by the photographs, charge both the property owners and the city with negligence. It was a

clear dry day and since the break in the curb was obvious, the plaintiff was presumptively negligent and the burden was upon her to show conditions outside of herself which prevented her from seeing the defect and which excused her failure to observe it. *Lerner v. City of Philadelphia,* 221 Pa. 294, 70 A. 755; *McDonald v. Mars Borough,* 371 Pa. 625, 92 A. 2d 199; *Walsh v. Phila. et al.,* 175 Pa. Superior Ct. 622, 106 A. 2d 851.

In assuming that burden plaintiff testified: "I left on my way to lunch at twelve-thirty, and I was walking with this other girl, and there was a lot of other people on the sidewalk at the same time, because everybody went out to lunch at the same time, and it was quite crowded. When we got to the corner of 12th and Wood, everyone stopped for traffic, and there was a number of people stopped in front of me, and a number of people behind me, and they were all stopped for traffic moving on Wood Street. When the traffic had cleared, everybody started to move forward at the same time, I along with them, and I took two steps forward and then I took a step forward with my left foot and I felt my left foot sink into this hole. I fell to the street, and I heard my ankle crack as I fell." She testified further that she didn't see the hole until after she had fallen into the street because "the people were standing so close to me that I wasn't able to look down, the people standing in front of me."

The above testimony of plaintiff on direct examination, standing alone, absolved her prima facie at least from the charge of contributory negligence. But her testimony was shaken on cross-examination. And instead of supporting the inference that the hole was in the curb at the crosswalk, her answers on cross-examination located the defect in the curb on Wood Street "two or three feet *west* of the west house line" of 12th Street. And when asked: "Will you in your own way

explain, if you were walking south [along the west curb line] on 12th Street to go toward Market Street, how did you happen to be two or three feet west of the west house line of 12th and in Wood Street" where the accident occurred, she said: "Because there were a lot of people walking on the sidewalk. We were walking *diagonally*. These people were standing in front of us, and we wanted to go across the street as quickly as possible." It is a reasonable inference from this testimony that plaintiff, when she was stopped at the curb line of the Wood Street crosswalk, skirted the people in front of her in her haste to cross "as quickly as possible" and that she fell when she stepped into the hole in the curb at a point between street intersections west of the west line of the crosswalk.

Defects in sidewalks, curbs and cartways are so common that it is the duty of a pedestrian to be observant and the mere fact that others are on the sidewalk, in itself, does not absolve one from the penalty of contributory negligence for failure to observe what could have been seen by exercise of ordinary care. *Petruski v. Duquesne City*, 152 Pa. Superior Ct. 393, 33 A. 2d 436. At the time when she stepped into the defect in the curb plaintiff does not suggest that there was pressure from pedestrians behind her or that she could not have increased the distance between her and others who may have been in front of her by the simple expedient of waiting until they had committed themselves to the crossing. If this had been done she clearly could have observed the defect in time to avoid her injury. Cf. *Twersky v. Penna. R. R. Co.*, 261 Pa. 6, 104 A. 63.

In the exercise of the broad powers delegated to us under the Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192, we may reverse an order in the interests of justice and "return the record for further proceed-

ings in the court below." In this case the majority of us are of the opinion that a new trial well might have been granted in the court below for an unequivocal development of the facts and their submission under proper instructions. This case in our view (as in *Shugats v. Metro. Life Insur. Co.*, 153 Pa. Superior Ct. 51, 33 A. 2d 650) presents a proper occasion for our doing what should have been done below.

Judgment reversed with a venire.