Hegmann, Appellant, *v.* Mitchell.

Argued April 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Samuel L. Rodgers,* with him *Ceisler & Rodgers,* for appellant.

*Alexander W. Acheson,* with him *William C. Porter,* for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from the decree of the lower court granting defendant's motion for judgment n.o.v. in a suit in trespass against the defendant for tortious conversion of a stock certificate owned by plaintiff and his wife as tenants by the entireties. Plaintiff having won the verdict, we must consider the facts and inferences most strongly in his favor. Matrimonial difficulties had occurred between the plaintiff and his wife and divorce proceedings were about to be instituted by the wife. Plaintiff endorsed in blank the certificate in question, being No. 841998 for 390 shares of National Securities Series, and gave it to his wife for the purpose of selling it and dividing the proceeds equally between them. The wife took the certificate to the defendant, a stockbroker, and told him to have it reissued to herself and her daughter by a former marriage, Betty Winslow, and endorsed the certificate in defendant's presence. She took the certificate to a bank

and had the signatures guaranteed and then returned it to the defendant. The defendant then filled in the names of the wife and her daughter as assignees over the endorsements of the plaintiff and wife. Plaintiff, having learned of the intention to have the stock transferred to his wife and her daughter, informed the defendant that he never intended to transfer it to his wife and stepdaughter. Plaintiff wrote the transfer agent, notifying it that he had revoked his endorsement of the certificate. Thereafter the marital situation of plaintiff and his wife improved and they agreed that the stock certificate should be reissued in their original ownership. The wife thereafter told defendant to reissue the stock to the wife and her husband. The defendant requested plaintiff to lift his revocation with the transfer agent, which plaintiff did. Thereafter defendant, upon instructions from the wife, forwarded the certificate to the transfer agent with instructions to reissue the certificate to the wife and her daughter, which was done. The wife and her daughter still hold the new certificate for the stock. Thereafter plaintiff and his wife entered into a family settlement for their joint properties, enumerating the joint properties still held in both names but not including the certificate which was now held in the names of the wife and her daughter.[1]

---

[1] ARTICLE OF AGREEMENT

MADE AND ENTERED INTO by and between ROBERT J. HEGMANN of South Strabane Township, Washington County, Pennsylvania, Party of the First Part, ......................................

and

JOSEPHINE S. HEGMANN of South Strabane Township, Washington County, Pennsylvania, Party of the Second Part, ..........

.................................

WITNESSETH:

WHEREAS, the parties to this agreement were married April 9, 1950, and

Prior to 1951 the law in Pennsylvania was that the release of one of two joint tortfeasors released the other. *Thompson v. Fox*, 326 Pa. 209, 212, 213, 192 A.

WHEREAS, the parties wishing to make a family settlement of their joint properties have entered into this agreement.

Now THEREFORE it is mutually agreed as follows:

1. The party of the first part shall transfer all his right, title and interest to the party of the second part in Twenty-five (25) shares of common stock of Allis-Chalmers Manufacturing Company, Certificate No. NC 94368; One Hundred (100) shares of common stock of Canada Dry Ginger Ale, Incorporated, Certificate No. NC47488 and Forty (40) shares of capital stock of Vick Chemical Company, Certificate No. 030123.

2. The party of the first part shall quit-claim all his right, title and interest in certain premises known as Lot No. 40 in the Wilson Development Plan of Lots No. 2, situate in South Strabane Township, Washington County, Pennsylvania, to Betty C. Winslow.

3. The party of the second part shall assign all her right, title and interest in and to a certain Plymouth sedan automobile, No. 12847190, to the party of the first part.

4. The party of the second part shall pay to Russell Z. Moninger, Esq., attorney for the party of the first part, the sum of Two thousand-five hundred ($2500.00) Dollars for the use of the party of the first part, which sum shall be retained by the said Russell Z. Moninger, Esq., until the party of the first part has removed from the premises above referred to in South Strabane Township, Washington County, Pennsylvania.

5. Each of the parties to this agreement for the consideration above mentioned does hereby release the other, his or her respective heirs, executors, administrators, estates and effects from all sums of money, accounts, actions, claims and demands up to the date of the execution of these presents.

IN WITNESS WHEREOF the parties have hereunto set their hands and seals this 4th day of September, 1952.

/s/ ROBERT J. HEGMANN   (SEAL)
Party of the First Part

/s/ JOSEPHINE S. HEGMANN   (SEAL)
Party of the Second Part

Witness:
/s/ RUSSELL Z. MONINGER
/s/ SHERMAN H. SIEGEL

107; *Union of Russian Societies v. Koss*, 348 Pa. 574, 577, 578, 36 A. 2d 433; *Koller v. Pa. R.R. Co.*, 351 Pa. 60, 65, 40 A. 2d 89; *Girard Tr. Corn Bk. v. Reliable Motors*, 176 Pa. Superior Ct. 300, 301, 302, 106 A. 2d 670.

The Act of July 19, 1951, P.L. 1130, 12 PS §2082-2089, radically changed the law of Pennsylvania. Section 4 provides: "A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."[2]

The act applies to this case because all of the facts occurred subsequent to the effective date of the act. Apparently the lower court's attention was not called to this act. We cannot determine from the evidence which was admitted whether the $2,500.00 consideration mentioned in the release of September 4, 1952 related to Certificate No. S41998 for 390 shares of the National Securities Series and, if it did, whether it completely compensated plaintiff for his $1,216.80 loss, or whether it only partially compensated him for this loss. The lower court sustained objections to all the evidence relating to these questions. If the lower court had been informed of the change in the law effected by the 1951 act, we believe that these rulings

---

[2] See article entitled "An Analysis of the Pennsylvania Uniform Contribution Among Tortfeasors Act of 1951," Vol. 13 U. of Pitt. L. Rev. p. 390; article entitled "Contribution Among Joint Tortfeasors—Enforcement Where One of the Tortfeasors is the Spouse of the Injured Party," Vol. 26 Temp. L.Q. p. 453; article entitled "Contribution Among Joint Tortfeasors—Necessity of Giving Notice Before Settlement," Id. at 456.

would have been otherwise and some evidence might have been given to assist the jury in a determination of the important factual issues necessary for a proper application of the 1951 act. The facts and circumstances existing at the time of the execution of the release are admissible to show what the parties had in mind where the language of the release is general in terms. *Sturgeon v. Ely,* 6 Pa. 406, 409; *Flaccus v. Wood,* 260 Pa. 161, 167, 103 A. 549; *Brill's Estate,* 337 Pa. 525, 527, 528, 12 A. 2d 50; *Lipsie v. Dickey,* 375 Pa. 230, 234, 235, 100 A. 2d 370.

Our disposition of this appeal makes it unnecessary to consider the other questions which were argued.

The defendant's motion for a new trial was overruled by the lower court. Defendant's motion for judgment n.o.v. was granted by that court, from which the appellant (plaintiff below) took this appeal. While the motion for the new trial is not specifically before us, this Court is authorized by paragraph 8 of §8 of the Act of June 24, 1895, P.L. 212, 17 PS §192, inter alia, to "affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below." *Furer v. May, Jr.,* 115 Pa. Superior Ct. 28, 36, 174 A. 630; *Cooper v. Philadelphia et al.,* 178 Pa. Superior Ct. 205, 115 A. 2d 849. In this case we are of the opinion that a new trial well might have been granted in the court below for an unequivocal development of the facts and their submission under proper instructions.

Judgment reversed with a venire.