## Albero v. Redd

*Morley M. Azorsky*, for plaintiffs.

*Palmer J. McCloskey* and *Stephen D. Marriner*, for defendants.

WEINER, J., March 16, 1956.—On November 9, 1953, Franklin James Albero, minor plaintiff, suffered a severe wrist injury while walking on the property of the Fallowfield Township School District. On September 12, 1955, plaintiffs filed an action in trespass against both the Fallowfield Township School District and one Sam R. Redd, charging negligence as to each individual defendant. A settlement was effected with the school district, and in accordance with the Pennsylvania Rules of Civil Procedure, a petition was presented to the court for permission to compromise, the only cause of action designated therein as being settled was the action against the school district, under the authority of the Uniform Contribution Among Tortfeasors Act, the Act of July 19, 1951, P. L. 1130, secs. 1-8, 12 PS §2082 et seq. By an order of this court dated November 9, 1955, a release was given by plaintiff to the school district and under the same order of court, the judgment entered against it by virtue of that compromise was satisfied of record. Thereupon, the other defendant, Sam R. Redd, filed a motion for judgment on the pleadings, claiming that the entry and satisfaction of that judgment terminated any liability to plaintiff on his part. That motion is now before the court for consideration.

At common law in Pennsylvania, the release of one joint tortfeasor by plaintiff operated as a release of all the other joint tortfeasors: Conway v. Pottsville Union Traction Co., 253 Pa. 211 (1916); Charles Eneu Johnson Co. v. Philadelphia, 236 Pa. 510 (1912). Whether the satisfaction arose from a release or a covenant not to sue was immaterial; both operated as a bar to a subsequent action against the other joint tortfeasors: Smith v. Roydhouse, Arey & Co., 244 Pa. 474 (1914). Moreover, at common law, contribution among joint tortfeasors was not permitted: Horbach

v. Elder, 18 Pa. 33 (1851). See also preliminary discussion in Seither v. Philadelphia Traction Co., 125 Pa. 397, 400, 401 (1889). The theory was that since the cause of action was discharged, one satisfaction received by plaintiff was enough; he was not entitled to two satisfactions for one legal wrong.

By the Act of June 24, 1939, P. L. 1075, sec. 1, 12 PS §2081, contribution among joint tortfeasors was allowed so long as they were all primarily or all secondarily liable: Simodejka v. Williams, 360 Pa. 332 (1949). However, the law relating to the discharge of all joint tortfeasors upon a release given by plaintiff to one of them was not thereby changed: Anstine v. Pennsylvania Railroad Co., 352 Pa. 547 (1945). This Act of June 24, 1939, supra, was repealed and the Uniform Contribution Among Tortfeasors Act, supra, was enacted.

The title of the act states that it concerns "contributions among joint tortfeasors and release of tortfeasors"; consequently, this is the first statute in Pennsylvania dealing with the subject of a release given by one of several joint tortfeasors. Section one defines the term "joint tortfeasors" as meaning "two or more persons jointly or severally liable in tort for the same injury to persons or property. . . ." Section two provides for the right of contribution. Moreover, section four, material to the issue at bar, states:

"A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid": Act of July 19, 1951, supra, 12 PS §2085.

Under a fair construction of the Act of 1951, the common law concept has been radically changed: Hegmann v. Mitchell, 179 Pa. Superior Ct. 123 (1955). See also Stroh v. Loose, 2 D. & C. 2d 157 (1954). This defendant cannot dispute the fact that under the allegations of the complaint filed in this case, he must be considered as a joint tortfeasor with the Fallowfield Township School District within the plain meaning and intent of this Act of 1951. It must, therefore, necessarily follow that under the provisions of section four, quoted above, the release of the school district did not discharge Redd, although the remaining claim of plaintiff against him must be reduced by the amount of the consideration paid by the school district.

The primary rule in the interpretation of a statute is to ascertain the intent of the legislature: Speck v. Phillips, 160 Pa. Superior Ct. 365 (1947). And a statute is to be construed so as to give effect, if possible, to all of its provisions: Statutory Construction Act, the Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551; Kerns v. Kane, 363 Pa. 276 (1950). With these rules of construction in mind, it would appear that section four of the Uniform Contribution Among Tortfeasors Act in clear and unmistakable language provides that a release by the injured person does not discharge the other tortfeasor "unless the release so provides". See Hegmann v. Mitchell, supra. Indeed, the petition for permission to compromise, used by plaintiff in this case, expressly states that it is being settled under the Act of 1951. There is no doubt that the release by its language operated to discharge only the school district and not the other defendant, Sam R. Redd. Under the authority of the cases cited above, the common law made no distinction between a satisfaction and a release, or between a release and a covenant not to sue. Nor can we see any distinction so far as the intent of the new act is concerned.

The fact that plaintiffs, in addition to delivering a release to the school district, satisfied a judgment of record, does not render nugatory the fair meaning of the act. Section three of the Act of 1951 provides that:

"The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors."

It is a rule of statutory construction that the legislature does not intend a result that is absurd, impossible of execution or unreasonable: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52 (1) ; Lindenfelser v. Lindenfelser, 383 Pa. 424; Bethel Township Veterans Home Assn. 180 Pa. Superior Ct. 159.

Under this rule of construction, it would be both absurd and unreasonbale to hold that while the recovery of a judgment against one joint tortfeasor does not discharge the other joint tortfeasor, payment of that judgment·could not be had and evidenced by the satisfaction thereof, without thereby discharging the other joint tortfeasor. To hold otherwise would be contrary to what appears to be the plain intent and meaning of the act and particularly section three quoted above. To adopt the interpretation of the Act of 1951 sought by defendant Redd would defeat the purpose of its enactment and it is a settled rule that in the construction of statutes an interpretation is never to be adopted that would defeat the purpose of the enactment, if any other reasonable construction can be found which its language will fairly bear: County Commissioners Substitute Nomination Case, 383 Pa. 372, at page 381.

We are, therefore, constrained to refuse the motion of this defendant and accordingly make the following

## Order

And now, March 16, 1956, it is hereby ordered that the motion for judgment on the pleadings made by defendant, Sam R. Redd, be and the same is hereby refused.