## Kline v. Keller

*William S. Morrow,* for plaintiff.

*Charles W. Kugler, John Faller* and *George F. Douglas, Jr.,* for defendant.

CRYTZER, P. J., March 31, 1956.—In this case plaintiff customer fell into defendant garageman's tire adadjustment pit. The question at issue is: "Did the plaintiff in his pleadings show that he violated his duty to look where he was going and is therefore contributorily negligent as a matter of law?"

The original complaint in this case sets forth that plaintiff went into defendant's garage at 9:30 a.m., on November 5, 1951. Paragraph 9 of the original complaint reads as follows:

"That the said Maurice E. Kline at the said time and place fell into the unprotected pit, struck his leg against the cement siding, and sustained a severe comminuted fracture of the weight bearing surface of the left tibia which resulted in the leg being placed in a long leg cast."

Defendant filed a preliminary objection asking for a more specific complaint for the following reason:

". . . that neither paragraph 9 of said Complaint nor any other part thereof avers or specifies how or in what way the plaintiff fell into the alleged unprotected pit, by reason of which omission or lack of specificity the defendant is unable to prepare his defense."

Plaintiff filed an amended complaint, paragraph 9, which reads as follows:

"That the said Maurice E. Kline at the said time and place was standing at or near the car which had been driven on the front end adjustment pit, watching the tire being repaired, and seeing the tire to be about completely repaired took one side step toward the tire adjustment equipment, and in so doing fell into the unprotected pit; there being no protection of any nature between the vehicle and the chain on the side of said pit. As a result of this fall, struck his leg against the cement siding, and sustained a severely comminuted fracture of the weight bearing surface of the left tibia which resulted in the leg being placed in a long leg cast."

To establish contributory negligence as a matter of law evidence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary. In the case of Mogren et ux. v. Gadonas et al., 358 Pa. 507, the court said: "For a court to be justified in declaring a person contributorily negligent as a matter of law, evidence of such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary: Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 194 A. 194. It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury, . . . A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible

men to differ in their conclusions or, as it is sometimes stated, (if) the evidence is not such that honest minds could reach but one conclusion: 26 R. C. L. 1067-69, section 75. (Quoted with approval by this court in McCracken v. Curwensville Boro., 309 Pa. 98, 163 A. 217, and Murphy v. Bernheim & Sons, Inc., supra.)"

In the same case, Mogren et ux. v. Gadonas et al., supra, the court stated: "In passing on questions of negligence, courts and juries must consider the realities of the situation. The standard of carefulness is the conduct under like circumstances of an average reasonable person possessed of ordinary prudence."

Does plaintiff's complaint, executed and sworn to by him, disclose such contributory negligence by him to sustain a directed verdict or judgment n. o. v. against him under the decisions of the appellate courts of Pennsylvania?

Our Supreme Court, in a business visitor case on a gas station property, in reversing a decision in favor of a plaintiff who had fallen, stated: "Plaintiff's duty was to look where he was going, to see what was plainly before him, to exercise that degree of care required by the circumstances. His own evidence shows that he failed to perform that duty": Walberg v. Rocolene Refining Co., 340 Pa. 200 (1940).

In Hon v. Brown & Co., 380 Pa. 191 (1955), a supermarket case, it is stated: ". . . the position of the carts and the fact that the entrance opened inwardly were just as readily apparent to the wife plaintiff and there was no reason to believe that she would not discover or realize the risk. . . ." The court then goes on to say, ". . . the invitee must use ordinary care and watch where she is going. Bigler v. Great Atlantic & Pacific Tea Company, 316 Pa. 540".

Our Superior Court in Cooper v. Philadelphia et al., 178 Pa. Superior Ct. 205 (1955), states, "since the

break in the curb was obvious, the plaintiff was presumptively negligent and the burden was upon her to show conditions outside of herself which prevented her from seeing the defect and which excused her failure to observe it".

The Supreme Court recently imposed this duty on a plaintiff, "walking in daylight, she should have observed the defect in the sidewalk. . . . The fact of her age and semi-blindness merely imposed upon her a greater duty of watchfulness": DiMenna v. Philadelphia, 381 Pa. 596 (1955).

In a recent Supreme Court case on facts that are almost identical with the present case in that plaintiff brought a tire into a garage for repair, and the garageman took the tire to his normal working area to repair it, the court said: "Here, there was no evidence of any necessity or occasion whatever for appellant to leave his position of safety in the fore part of the garage and enter what his eyes must have told him was appellee's private working area. As said in the opinion of the court below, he 'left that part of the garage floor where he might be expected to be found and *through simple curiosity* went toward the rear of the building where his injury was occasioned' ": Carns v. Noel, 364 Pa. 77, 80 (1950).

In other jurisdictions, the courts state "plaintiff must look": Glenn v. Montgomery Ward & Co., 160 Kan. 488, 163 P. 2d 427, 14 A. L. R. 2d 804; where a woman drove into a garage for antifreeze, and backed into the grease room to avoid the rain, falling into the pit, she was held to be contributorily negligent: Bedell v. Davis (N. H.), 202 F. 2d 1.

It has long been a rule of law, possibly more familiar in motor vehicle and train cases but not to the exclusion of other litigation, that a *duty to look* is imposed on anyone moving into a position of foreseeable danger. Mansfield et al v. Philadelphia et al., 352 Pa. 199, 203,

holds: ". . . moreover, he cannot be heard to say that he did not see what must have been clearly visible to him had he looked."

One cannot be heard to say that he looked and did not see an approaching danger which was plainly visible: Watson v. Lit Bros., 288 Pa. 175, 178; Taylor v. Philadelphia Rural Transit Co., 111 Pa. Superior Ct. 575.

Plaintiff in this case sets forth in his pleadings that his fall took place in the daytime. There is no averment that it was dark or that there was insufficient light. Plaintiff states he was *watching* the repair and he *saw* that it was almost completed. Not only is it customary for lubrication pits, front end pits and the like to be installed in the working part of a garage, but in the instant case plaintiff's complaint sets forth "(plaintiff) . . . was standing at or near the car which had been driven on the front end adjustment pit". He then ". . . took one *side* step toward the tire adjustment equipment, and in so doing fell into the unprotected pit". The pit was there, and plaintiff saw it, or should have seen it; while looking one direction he stepped sideways in another direction and fell into the pit.

Such pleaded facts not only would support a directed verdict or judgment n. o. v. against plaintiff, they would require it. "Where the facts show contributory negligence . . . the court is bound to declare it as a matter of law": Goff v. College Hill Borough et al., 299 Pa. 343; 347; Carnevale v. McCrady-Rodgers Co., 318 Pa. 369, 371.

### Order

And, now, March 31, 1956, in accordance with defendant's motion, judgment is directed to be entered for defendant and against plaintiff on the pleadings. Exception allowed.